King, J.
In this case, which is No. 1117, and in Nos. 1118 and 1119, submitted with it, we have come to an opinion as to the law governing the case. We have not had time to go over all the papers in the case to get at what the facts are,but shall leav9 them to counsel until later, in preparing the journal entry. I can however, indicate in this one case — ■ in which I have examined the papers — the theory upon which we have proceeded. In the case of The City of Toledo v. Cole, there was an assessment made upon Mr. Cole’s lot on the —day of July, 1891, for the paving and improving of Lenk street, upon which it is situated, in a sum the amount of which I have not before me; and on May 15, 1893, there was a second assessment of $89.12, levied and assessed upon that lot for building a side-walk, and in 1895, a third assessment for paving and improving Wisconsin street, amounting to $32.30. The court of common pleas found the value of said lot to be $275.00 before the improvement of Wisconsin street, and $300.00 after it was improved. It is claimed by the defendant that these assessments may be added together, and if they exceed twenty-five per cent, of the value of the lot, they are illegal. The court of common pleas held that the Wisconsin street assessment was illegal, and adjudged that the owner should not pay that; and, with that, we are in full accord; but the question is, whether the side-walk was illegal. The side-walk assessment was made upon Lenk street, upon which there had been previously assessed a certain amount for paving tax, We think that, clearly, under the *505 authorities, these were two separate improvements, and that there is no statute limiting the amount of an assessment or percentage of an assessment for two different improvements, such as in this case — the paving-of a street and the building of a side-walk adjoining the lot; that is, no limitation which will render either invalid because the sum of the two shall exceed twenty-five per centum. The limitation provided by the statute, secs. 2271 and 2283, is, that no assessment for any improvement shall exceed twenty-five per centum, and that — as provided m 2283 — -if the improvements are com, pleted on intersecting streets, within the period of five years,so that the two joined together, shall exceed twenty-five per centum, they shall be illegal beyond that limit. But here it will be noticed that the first two assessments were upon the same street, and, being upon the same street, they cannot be added together; and that, so far as the owner of the property is concerned, leaves only the question whether the side-walk assessment exceeded twenty-five per centum, and whether the limitation found in sec. 2271, applies at all to the-side-walk. Asa matter of fact, the $89.12, exceeds twenty-five per cent, of the value, of the lot as found by the court of common pleas — $275—-and certainly that value must be taken,since it was the value of the lot at the time the sidewalk was built. One-fourth of that would be $68.75, and that amount can only be levied under the limitation of sec. 2271, It is said by counsel that we should not hold this because it has been determined by this court, in a case of the same title, in an opinion rendered by Judge Scribner, in a different way. Upon careful reading, however, of that case,it will be found that this question was not decided. It was not necessary to' be decided in that case. There are some remarks in that opinion which would seem to imply that the court was proceeding upon the line that this twenty-five per cent. did not apply to side-walk assessments. The court held that,under the facts before it at that time,it might *506 fairly be treated as a separate improvement made at another time than that of the street paving and could not be added to the street paving to ascertain whether it exceeded the twenty-five per cent., but the side-walk tax alone, did not exceed twenty-five per cent, of the value of the lot in that particular property, so that it was held to be legal upon that property. That being the only question decided there, we are not at all embarrassed by that decision. That was not a corner lot case, Under sec. 2327, it is provided that all of these sections in this chapter relating to assessments, shall be strictly construed in favor of the owner of the property to be affected by the assessment, and a careful reading of all the sections in this chapter, will show that there is a connection between all of them. The subject of side-walks is mentioned in a section of the statutes much earlier than the sub-division which treats of sidewalks. The subject is treated in this same chapter, commencing with sec. 2328 and following, but at the same time side-walks are mentioned in earlier sections, and it is clear that the limitations in sec’s. 2271 and 2283, are intended to apply to all of these assessments, If there be two improvements upon the same street which are clearly separable, then the limitation contained in sec. 2283 does not apply. But the question only is left, whether either of these assessments, alone, exceeded twenty-five per centum? But the lot is a corner lot, and the intersecting street has been improved, so that there are two great street improvements,[which (not as in the Cole case, but think in one of the others,) preceded in order of time the building of the sidewalk, and then the street assessment and the side-walk assessment may be added together to determine whether the whole exceeds twenty-five per cent., and in that case— under sec. 2283 — if the side-walk assessment together with the assessment upon the intersecting street exceeds twenty-five per cent., it would be illegal, but not so when the *507 side-walk and the street assessments are upon the same street. In the Oole case, they were upon the same street, except that] after^the side-walk] was improved, then the improvement was made upon Wisconsin street. But the side-walk assessment, at the time it-was made, was legal, to the extent of twenty-five per cent, of the reduction, and it was not renderedfillegal by the making of the other assessment.
G. F. Watts and William A. Mills,iox Plaintiffs.
P. A.MacGahan and T. J. McDonnell,iox Defendants.
I think from these remarks counsel can prepare the entries in these cases. In the Cole case, I have indicated exactly what the entry should be; in . the others I have not, because I have not had time to go over the papers.and ascertain the order in which these assessments were made and whether in every case they were intersecting street improvements. We hold that,standing alone, the side-walk assessments must be limited to twenty-five per cent., and we are clearly satisfied that that is correct,